## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| ELIZABETH BAKIES, | NUMBER: |
| Plaintiff | JUDGE: |
| — Versus — | |
| | MAGISTRATE JUDGE: |
| ROSEWOOD REHABILITATION, LLC, TOTAL PHYSICAL THERAPY, LLC, and WENDELL J. JUNEAU, in his official capacity as owner and operator of Rosewood Rehabilitation, LLC and Total Physical Therapy, LLC | |
| | Jury Trial Requested |
| Defendants. | |

## VERIFIED COMPLAINT

Plaintiff, Elizabeth Bakies, through undersigned counsel, brings this action alleging the following:

### I. JURISDICTION AND VENUE

1.

Jurisdiction over this action is conferred on this Court by §706(f)(3) of Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. §2000e-5(f)(3), 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. §1331, this in part being an action to remedy an employer's violations of Title VII, the Americans with Disabilities Act, and the FLSA, 29 U.S.C. §206, *et seq.* Supplemental jurisdiction is conferred over the claims made herein, and arising under Louisiana law, pursuant to 28 U.S.C. §1367.

2.

Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") alleging employment discrimination on the bases of sex and disability on March 18, 2021, and a right to sue letter was issued on April 29, 2022. Plaintiff received the right to sue letter on or about May 5, 2022.[1] This Court has jurisdiction to hear Plaintiff's complaint as she has exhausted the administrative procedures mandated by 42 U.S.C. §2000e-5(e)(2) and (3).

3.

The unlawful employment practices about which Plaintiff complains were committed within the Western District of Louisiana.

II. PARTIES

4.

Elizabeth Bakies (hereinafter "Plaintiff"), made plaintiff herein, is an adult citizen residing in Lafayette Parish, State of Louisiana.

5.

Rosewood Rehabilitation, LLC (hereinafter "Rosewood"), made defendant herein, is a limited liability company organized under the laws of Louisiana and domiciled in Lafayette Parish, State of Louisiana. At all times material to this suit, Rosewood has been an employer engaged in an industry affecting interstate commerce within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FLSA, 29 U.S.C. §203.

6.

Total Physical Therapy, LLC (hereinafter "Total Physical Therapy"), made defendant herein, is a limited liability company organized under the laws of Louisiana and domiciled in

---

[1] *See* Exhibit A, April 29, 2022 Right to Sue Letter issued by EEOC.

Lafayette Parish, State of Louisiana. At all times material to this suit, Total Physical Therapy has been an employer engaged in an industry affecting interstate commerce within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FLSA, 29 U.S.C. §203.

7.

Wendell J. Juneau (hereinafter "Juneau"), made defendant herein, is an adult citizen residing in Lafayette Parish, State of Louisiana. He is sued in his official capacity as an owner and operator of Rosewood and Total Physical Therapy.

III. STATEMENT OF FACTS

8.

On March 14, 2018, Plaintiff was hired by Rosewood to work as a as a part-time receptionist at Rosewood's physical therapy clinic located at 626 Verot School Road in Lafayette, Louisiana (the "Clinic").

9.

In July 2018, Rosewood gave Plaintiff a raise and promoted Plaintiff to the position of full-time Office Manager. Plaintiff maintained the full-time Office Manager position until her termination of employment in November 2020.

10.

In addition to her job duties as Office Manager, Plaintiff often performed the duties of the receptionist, as Rosewood left the receptionist position vacant between July 2018 and October 2018 and later between March 2019 and November 2020.

11.

In March 2019, Rosewood gave Plaintiff another raise based on her exceptional work performance.

12.

In January 2020, Plaintiff informed Rosewood that she was pregnant and at high risk for miscarriage. A few weeks later, in February 2020, Plaintiff informed Rosewood that she had miscarried her unborn child.

13.

Plaintiff continued to fulfill her job duties as Office Manager and the duties of the receptionist position at an exceptional level, and, in June 2020, Rosewood praised Plaintiff for her management of the Clinic.

14.

In July 2020, Plaintiff informed Rosewood that she was again pregnant and at high risk for miscarriage.

15.

In July 2020, Juneau informed Plaintiff that she would be training Michelle Mahfouz ("Mahfouz"), female, non-pregnant, to work as the Office Manager for Total Physical Therapy, a physical therapy clinic Juneau planned to open in Alexandria, Louisiana. In addition to training Mahfouz, Juneau directed Plaintiff to start performing tasks for the exclusive benefit of Total Physical Therapy.

16.

In early September 2020, Plaintiff asked Juneau for clarification on her work duties and whether she should to be compensated for the additional job duties she was performing to the exclusive benefit of Total Physical Therapy. Juneau did not respond to Plaintiff and instead

grew increasingly hostile toward Plaintiff by, among other things, manufacturing deficiencies in Plaintiff's work performance, holding Plaintiff to a different standard than other employees, and retaliating against Plaintiff for going to prenatal appointments.

17.

In September 2020, Christopher Hoffpauir (hereinafter "Hoffpauir"), a supervising physical therapist employed by Rosewood and one of Juneau's Total Physical Therapy business partners, suggested to Plaintiff that she would not return to work after maternity leave.

18.

Shortly after Hoffpauir approached Plaintiff about maternity leave, Mahfouz started showing interest in learning how to perform job duties specific to Plaintiff's position as Office Manager of Rosewood. Upon information and belief, Plaintiff alleges that Juneau directed Mahfouz to learn how to perform Plaintiff's job duties.

19.

Plaintiff continued to dutifully perform all of her normal job duties as Office Manager for Rosewood, trained Mahfouz for the purported Office Manager job at Total Physical Therapy, and performed additional job duties to the exclusive benefit of Total Physical Therapy.

20.

On or about November 12, 2020, Juneau terminated Plaintiff's employment and gave Plaintiff's job duties to Mahfouz. Juneau told Plaintiff he was terminating her employment because "it's just not working."

21.

As a result of the termination of her employment, Plaintiff sustained a substantial loss of annual income as well as all benefits of employment, including the health insurance Plaintiff

needed to obtain prenatal healthcare for her unborn child. Plaintiff also suffered severe emotional distress and pain and suffering.

22.

At all times material to this action, Plaintiff's positions and duties qualified her as an employee who was subject to the minimum wage and anti-retaliation provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. §206 and §215(a)(3).

23.

Plaintiff was never compensated for the work she performed for, and to the exclusive benefit of, Total Physical Therapy between July and November 2020.

24.

At all times material to this action, defendants Rosewood, Total Physical Therapy, and Juneau willfully refused to compensate Plaintiff for the work she performed for, and to the exclusive benefit of, Total Physical Therapy.

IV. CAUSES OF ACTION

25.

Plaintiff, who is within a protected class as a woman, alleges that Rosewood and Juneau, through their agents, officers, and employees, discriminated against Plaintiff because of her sex in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(A)(1) and 42 U.S.C. §2000(e)(k), and Section 105, *et seq.* of the Civil Rights Act of 1991, 42 U.S.C. §2000e-2(m), which prohibits employment actions based on sex.

26.

Plaintiff also alleges that Rosewood, through its agents and officers, discriminated against her because of her pregnancy-related disability and/or perceived pregnancy-related

disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12112, which prohibits adverse employment actions based on disability.

27.

Plaintiff further alleges that her discharge was because of her sex, pregnancy, and disability or perceived disability, in violation of La. R.S. 23:332, La. R.S. 23:342, and La. R.S. 23:323, respectively.  Plaintiff contends that defendants Rosewood and Juneau engaged in these actions with malice and/or reckless indifference to her rights.

28.

Plaintiff alleges that defendants Rosewood, Total Physical Therapy, and Juneau are liable to her for unpaid wages for the work she performed for, and to the exclusive benefit of, Total Physical Therapy under 29 U.S.C. §216(b).

29.

Plaintiff further alleges that defendants Rosewood, Total Physical Therapy, and Juneau retaliated against her in violation of 29 U.S.C. §215(a)(3) for asking whether she should be compensated for the unpaid work she performed for, and to the exclusive benefit of, Total Physical Therapy.

**WHEREFORE**, Plaintiff, Elizabeth Bakies, prays that this complaint be deemed good and sufficient and after notice and trial are had, that she be awarded the following relief and damages:

   **a.** Full back pay, including all wages, salaries, fringe benefits, and related employment benefits lost as a result of defendants' actions;

   **b.** Reinstatement to her former or substantially equivalent position, or, alternatively, that she be awarded front pay;

 c. Compensatory damages under the Civil Rights Act of 1991, 42 U.S.C. §1981(a), to redress the medical costs, suffering, inconvenience, loss of enjoyment of life, mental anguish and emotional distress she suffered as a result of the harassment and retaliatory and/or discriminatory discharge.

 d. Punitive damages under the Civil Rights Act of 1991, 42 U.S.C. §981(a) to punish defendants for willfully violating the law;

 e. Legal interest on all monetary benefits due and owing running from the date of the discriminatory acts;

 f. All unpaid compensation, pursuant to 29 U.S.C. §216(b);

 g. An amount equal to all unpaid compensation as liquidated damages;

 h. Attorney's fees, expert fees, and costs for prosecution of this action under 42 U.S.C. §2000e-5(k), La R.S. 23:303, and 29 U.S.C. §216(b).

 i. Plaintiff prays for any and all other relief this Court deems just or equitable.

Plaintiff prays for a trial by jury.

              Respectfully submitted,

              HOSKINS FIRM

              /s/ Anne B. Hoskins_____
              Anne B. Hoskins (LA Bar No. 32506)
              HOSKINS FIRM
              5208 Magazine Street, #181
              New Orleans, Louisiana 70115
              Telephone: (504) 234-4672
              anne@hoskinsfirm.com

              Attorney for Plaintiff

Dated: July 11, 2022

## VERIFICATION

    I, Elizabeth Bakies, hereby verify to the best of my knowledge and under penalty of perjury that the facts set forth in this complaint are true and correct.

*E. Bakies*

_____

Elizabeth Bakies